No. 3254.—ALCESTE GAIENNIE, Administrator, *v.* Widow GERVAIS GAIENNIE—DEPOORTER and WILDERSEN, Third Opponents.

The fact that a sale of succession property has not been recorded does not affect the title as between the vendor, the succession, and the vendee, the purchaser.   In such a case if the vendee places a mortgage on the property after he has purchased it, the holder of such mortgage may cause the property to be seized and sold in satisfaction thereof, and the title of the purchaser to the property mortgaged will not be defective because the act of sale from the succession to the mortgageor was not recorded before the mortgage was given.

APPEAL from the Fourth Judicial District Court, parish of St. James.   *Beauvais, J.   Charles Louque,* for plaintiff and appellant.   *Legendre & Poche,* for third opponents and appellees.

TALIAFERRO, J.   The plaintiff, representing himself to be the administrator of the succession of Gervais Gaiennie, deceased, obtained an order of seizure and sale of a tract of land lying in the parish of St. James, alleged by him to be mortgaged to the succession by the widow of decedent, who, as it appears, purchased it at the probate sale of the succession.   As evidence of the widow's indebtedness, three several promissory notes were presented, each note for the sum of $19,717 82, with eight per cent. interest from their respective maturities.   The opponents applied for and obtained an injunction *to restrain* the sheriff from selling the property, alleging themselves to be just owners of it, and declared that it was purchased at a sheriff's sale as property of the Widow Gaiennie, who mortgaged it to Laiche to secure a loan of money obtained from him, and under whose mortgage it was sold.

There was judgment in the court below annulling the act under which the plaintiff had obtained the order of seizure and sale, and decreeing in favor of the opponents.   From this judgment the plaintiff appeals.

The facts appear to be that Gervais Gaiennie died in the parish of St. James in 1854, leaving several heirs, issue of his marriage with his

surviving widow, Nathalie Chenet, the defendant in this case. The property all belonged to the community. Alceste Gaiennie, a son and heir of the decedent, and who is the present plaintiff, became administrator of the estate. An order of court was obtained for the sale of all the property of the succession, in order to effect a partition. The entire property, land, slaves and personal property, was purchased by Mrs. Gaiennie, the widow, at the price of $100,000. In August, 1859, the administrator filed in court his final account. Pursuant to the decree of partition, he reduced the assets to cash by deducting eight per cent. per annum from the credit installments, making the whole amount $88,000. The debts amounted to $40,846, and were paid with funds received from the widow. The administrator gave one-half of the remainder to the widow in her own right, and the other half, accruing to the heirs, he paid over to Mrs. Gaiennie as usufructuary. On the third of December, 1859, the account of administration was approved and homologated. At this date it seems all the heirs were of age except two. On the thirtieth of March, 1859, Mrs. Gaiennie negotiated a loan of money with Pierre Laiche to the amount of $14,389, to secure the payment of which she mortgaged the property she purchased at the succession sale of her husband. The property was then subject to no prior mortgages except one to the Citizens' Bank to secure stock notes, and the tacit mortgage in favor of the two minors, Nathalie and François Gaiennie. The mortgage to Laiche was recorded on the same day it was executed, and was reinscribed on the thirtieth of March, 1865. On the twenty-ninth of July, 1865, the *proces vevbal* of sale by the administrator made on the twenty-third of November, 1858, which had not previously been recorded in the recorder's office, was registered in the mortgage book, and on the same day Mrs. Gaiennie, by authentic act, granted a special mortgage on the same property in favor of her children, all of whom were then of age, to secure them in the sum of $23,760, being their share in the succession of their father, of which she reserved her usufruct.

On the twenty-third of January, 1867, Laiche foreclosed his mortgage and the property mortgaged was sold, and DePoorter, one of the third opponents, became the purchaser at the price of $25,000. He paid $3065 84, the amount owing to François Gaiennie, assumed the Citizens' Bank mortgage, paid the balance owing to Laiche, and retained the balance, $9660 77, on account of one of the notes secured by the mortgage to Laiche, the purchaser being the holder of the note. Soon after this sale, DePoorter sold an undivided half of the Gaiennie plantation to Wildersen, the joint owners being in peaceable possession of the property until disturbed by the executory process taken out by the plaintiff in this case.

On the twenty-fifth of August, 1870, the plaintiff, in an act before a

notary, in which he assumed the character of administrator of the succession of Gervais Gaiennie, declared that the Widow Gaiennie had not complied with the terms of the sale of the property of Gaiennie's succession made in November, 1858, and in consequence thereof he had not been able to pass a regular act of sale to the purchaser, and proceeded then, in the act of 1870, to sell to Widow Gaiennie the property of the succession, consisting of the land, thirty-eight slaves, and all the personal property, for $100,000, in part payment of which Mrs. Gaiennie executed three notes, each for the sum of $19,717, dated November 23, 1858, payable in one, two and three years after date, and mortgaged the property purchased to secure their payment. In September, 1870, the plaintiff seized, under executory process, the property in possession of the opponents, and they enjoined the sale.

The course pursued in this case by the plaintiff and defendant seems anomalous and unsustained by law. It is argued on behalf of the plaintiff, claiming still to be administrator of the estate of Gervais Gaiennie, that as the act of sale of the succession property was not recorded until the twenty-ninth of July, 1865, it was utterly null as to the opponents, and therefore, being unrecorded prior to that time, the mortgagee, Laiche, acquired no right by the mortgage executed in his favor by Widow Gaiennie on the thirtieth of March, 1859, and consequently under the foreclosure of Laiche's mortgage and the sale under it, the opponents acquired no title. We do not assent to this reasoning as being sound. The unrecorded act could not affect any of the rights of third parties, but that operated no disability in Mrs. Gaiennie to sell or to mortgage the property, and none in the mortgagee to accept a mortgage from her. Her title was perfect as between herself and the succession. The title of the estate was divested, and it was vested in her. Being owner, she could sell or mortgage the property. Her abstract right in it was not affected by the omission to record; that omission related only to the effect of her title as to third parties.

The proceedings in relation to the estate of Gervais Gaiennie seem to have been conducted regularly and with precision. The *proces verbal* of the sale contains everything necessary to constitute it a proper act of conveyance. No subsequent deed of sale by the administrator or the heirs was necessary to its validity. The interposition of neither was required by the order or terms of the sale to render the *proces verbal* a valid act of transfer. The pretense of the plaintiff, in August, 1870, more than ten years after his final account of administration of the estate of Gaiennie had been duly approved and homologated by the proper court, that he had not made a title to the purchaser, is entitled to no consideration. The exception *plene ministravit* was well taken by the opponents. The functions of the administrator had long previous to August, 1870, been fully exercised. All was done that was

required to be done by an administrator. The property had been sold, the debts all paid, the partition ordered by the court had been completed, and the estate distributed between the heirs and the widow according to their respective shares. The administrator had presented the final account of his administration, and which, not being opposed after due notice, was confirmed by a final order of the court. It was altogether an uncalled for act his going before a notary on the twenty-fifth of August, 1870, and executing a deed of sale in favor of Mrs. Gaiennie of a tract of land embracing the plantation that had belonged to the succession of Gervais Gaiennie, and with it thirty-eight slaves, taking notes dated twenty-third of November, 1858, and made payable in one, two and three years from date, secured by mortgage and privilege on the property sold. This act the lower court properly decided to be null and void. The plea of prescription set up by the opponents against the notes, it becomes unnecessary to consider.

It is therefore ordered, adjudged and decreed that the judgment of the district court be affirmed, with costs.